## Ex Parte Henry Wagener.

1. The repeal of the act of March 12, A. D. 1852, creating the criminal court of Hamilton county, invested the court of common pleas of that county with jurisdiction in all criminal cases, as conferred on courts of common pleas by the general law of the State.
2. Whether a court of general criminal jurisdiction has jurisdiction of a particular offense, would not be a proper subject of inquiry on an application in *habeas corpus* before another tribunal.
3. The act conferring criminal jurisdiction upon probate courts excluded the county of Hamilton, by reason of the exception contained in the 33d section of that act, in reference to counties "in and for which a special criminal court is now, or may hereafter be, established by law."

SPECIAL TERM.—Application for a discharge from the custody of the sheriff, the petitioner being in arrest, under a *capias* from the court of common pleas of Hamilton county.

On March 12, A. D. 1852, an act was passed, creating and conferring criminal jurisdiction on the criminal court of Hamilton county, and divesting the court of common pleas of such jurisdiction. On May 1, A. D. 1854, the act creating the criminal court was abolished.

*A. J. Pruden* and *T. A. O'Connor*, for petitioner.

*Joseph Cox*, for the State.

GHOLSON, J.   This is an application for a writ of *habeas corpus*.   The defendant has been arrested under a *capias*, to answer an indictment in the court of common pleas, for selling intoxicating liquors.   It is claimed that the court of common pleas has no jurisdiction of such a case; that the process is therefore a nullity, and that the defendant is detained without any legal authority.

The writ of *habeas corpus* is a writ of right.   If, under color of authority from any court, a citizen is deprived of his liberty, when there is no jurisdiction or power in such court to authorize his detention, it would be difficult to say that

such deprivation of liberty was not unlawful, and that a case was not presented, in which the privilege of the writ of *habeas corpus* might not be properly claimed. I feel, therefore, bound to inquire whether there be any foundation for the assertion, that the court of common pleas has no jurisdiction or power to authorize the detention of the party in this case. And this inquiry is to be strictly limited to the mere question of jurisdiction and power. With the regularity of the process, or proceedings of the court of common pleas, I have nothing to do. A writ of *habeas corpus*, whether issued by a single judge or the highest court, can not be converted into a writ of error to correct irregularities or informalities.

The courts of common pleas are the constitutional courts of general original jurisdiction. Section 4 of article 4 of the constitution provides, that "The jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law." In pursuance of this injunction of the constitution, the General Assembly, by an act first passed on the 14th of March, 1853, and amended on the 29th of April, 1854, prescribed the general jurisdiction of the court of common pleas as follows:

"The court of common pleas shall have original jurisdiction in all civil cases, when the sum, or matter in dispute, exceeds the jurisdiction of the justices of the peace; and appellate jurisdiction from the decision of county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil cases, subject to the regulation provided by law. It shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is invested in justices of the peace, or that may be vested in courts inferior to the common pleas. *Provided*, however, that in all criminal cases, where a person shall be indicted and tried in the court of common pleas, for an offense properly cognizable therein, and he shall be found guilty of any such minor offense, embraced within the terms of the indictment, the jury shall so return in their

verdict, and the court shall thereupon proceed to pass the sentence prescribed by law in such case."

Such is the law, by which, in the language of the constitution, the jurisdiction of the courts of common pleas is fixed. Independent of its recent enactment, it must be considered as generally applicable to each and every court of common pleas in the State. The grant of jurisdiction in criminal cases is general, and though subject to an exception, must prevail, and apply to any and all cases not embraced by that exception. It undoubtedly covers the present case, unless a jurisdiction over it has either been expressly taken away by some other law, or is vested exclusively in some inferior court, within the meaning of the exception.

On the 12th of March, 1852, an act was passed, creating the criminal court of Hamilton county, and conferring on that court full and complete jurisdiction of all crimes and offenses in the county. By the 5th section of that act, it was provided that the court of common pleas of Hamilton county should not have concurrent jurisdiction of crimes and offenses with the criminal court. Had this act continued in force, undoubtedly, the jurisdiction of the court of common pleas in such a case as the present, could not be maintained. But on the 1st of May, 1854, that act, and others, establishing the criminal court, and conferring on it the exclusive jurisdiction as to crimes and offenses in the county of Hamilton, appears to have been repealed. Such repeal, in my judgment, left the county of Hamilton under the operation of the general law regulating the jurisdiction of courts of common pleas, which has been already quoted. If, by the operation of the act creating the criminal court, the county of Hamilton was taken out of the operation of the general law, as to the jurisdiction of its court of common pleas in criminal cases, then, after the repeal of the law creating the criminal court, any future criminal case which might arise would stand, on principles clearly settled, in respect of that law and court, precisely as if neither had ever existed. The jurisdiction over such a case would depend on the general law of the State;

the restriction upon the operation of the law in the particular county not impairing its existence as a general law, adapted to meet any case which might arise, so soon as the restriction was removed.

If it were competent, as it undoubtedly was, for the General Assembly to limit the operation of the general law conferring criminal jurisdiction on the courts of common pleas, in reference to the county of Hamilton, by the creation of a criminal court, and to do this no express amendment or modification of the general law was required, there can be no reason whatever to claim, that when the law enacting the criminal court was repealed, it was necessary to make any express provision as to the operation of the general law within the county of Hamilton. It seems too clear to require argument, that when the limit was removed, the law, undoubtedly all the time in full life, by its own proper vigor, had that operation of which it was capable: To such a case as this, the last clause of the 16th section of the 2d article of the constitution (even if, in any case, it could be considered as being any thing more than directory to the legislature), does not apply. There is a manifest distinction, between reviving an act which has been repealed, and removing a restriction upon the operation of a general law still remaining in force and effect.

From this view it follows, to my mind, conclusively, that when the criminal court was abolished, it did not require any express provision to give to the court of common pleas of Hamilton county, the jurisdiction in all criminal cases, conferred by the general law of the State on courts of common pleas. There was no necessity to re-enact, for a particular county, a law applicable to all counties in the State.

It certainly can not be claimed, that there is any thing in the act to abolish the criminal court, that, in express terms, limits the jurisdiction of the court of common pleas as defined by the general law. All that was necessary to carry out the intention of that act was, to repeal the different acts establishing and regulating the criminal court, and to provide

for the transfer of its unfinished business to the court of common pleas.

It is not uncommon in legislation, from abundant caution, though, as before said, entirely unnecessary, when any particular case is excepted from the operation of a general law, and the exception is afterward annulled, to provide that the case shall be governed by the general law. This may be done in terms more or less definite, but the intention in such instances is clearly perceptible. Such I understand to be the intent of the last clause of the 2d section of the act to abolish the criminal court, which provides that the court of common pleas "shall have such powers and jurisdiction in criminal matters, in the county of Hamilton, as are conferred by law upon the courts of common pleas in other counties in this State." The idea, that to determine the jurisdiction of the court of common pleas of Hamilton county, we are to look to the counties in the State other than that county, and inquire into the jurisdiction which may be conferred by law upon their courts of common pleas, and not to the general law of the State defining the jurisdiction of all courts of common pleas, can not, in my opinion, be, with any propriety, maintained. The obvious intention of the legislature was to remove the limit and exception to the operation of the general law, arising from the existence of the criminal court, and leave the court of common pleas of Hamilton county to be governed by that general law.

The general law, in express terms, provides that the court of common pleas shall have original jurisdiction of *all crimes and offenses*. The only inquiry which remains is, whether this be a case within the exception—whether it be a minor offense, "the exclusive jurisdiction of which is invested in justices of the peace, or that may be invested in courts inferior to the common pleas."

I am by no means satisfied, that on an application for a writ of *habeas corpus*, it can be required of me to make this inquiry. If a court of exclusive civil jurisdiction should take cognizance of a criminal case, the party detained on the

charge of a crime, under the authority of such a court, might well apply for the writ. But when a court has a general jurisdiction of crimes and offenses, subject to certain exceptions, whether any case, or class of cases, comes within the exception, seems to be properly cognizable in that court, and with the steps taken to bring the case before it, there is a serious doubt whether any interference, by a writ of *habeas corpus*, would be proper.

I might, perhaps, be relieved from the inquiry on another ground. Having decided that the act re-enacted on the 29th of April, 1854, and quoted above, prescribes the jurisdiction of the court of common pleas in criminal cases, and it being conceded, by the counsel who presented the application, that exclusive jurisdiction of the offense charged in this case is neither vested in justices of the peace, nor in any inferior court, the irresistible conclusion is, that it remains with the common pleas. Indeed, the question becomes a very simple one, if, as I have endeavored to show, the general law is now in operation in the county of Hamilton. The legislature has not failed to provide a tribunal for the trial of minor offenses committed within that county. Jurisdiction over them is vested either in the common pleas, the justices of the peace, or in the probate court. If it can not be shown to have been vested in the two latter, or one of them, it must exist in the common pleas. It might possibly be claimed, that the jurisdiction of minor offenses is vested in the probate courts, as is the case in other counties of the State; but the general and comprehensive terms in which laws organizing the courts of justice of a State are usually framed, will, in the absence of any express provision to that effect (which surely can not be expected), prevent such a construction of them as to allow offenses to go without trial or punishment. And surely no court, or judge, ought ever to adopt such a construction, unless compelled thereto by the imperative language of the statutes.

Upon examining the act conferring criminal jurisdiction upon probate courts, I am satisfied no such jurisdiction has

ever been vested in the probate court of Hamilton county. That county was excepted from the operation of the act conferring such jurisdiction, by a description as clear as if it had been expressly named. The 33d section of the act provided: "That the provisions of this act, which relate to the exercise of criminal jurisdiction by the probate courts, shall not extend to any county in and for which a special criminal court is now, or may hereafter be, established by law." At the time of the passage of that act, a special criminal court was established in Hamilton county. The mere abolition of that court would not, in the absence of some declaration of an intention on the part of the legislature, confer a jurisdiction before expressly excluded. So far from any such intention appearing, the inference to be drawn from the act abolishing the criminal court, is to the contrary. There is not only no repeal, or modification of the 33d section of the probate act, but all the business in the criminal court, some of which must doubtless have been of a character proper for the probate court, if exercising criminal jurisdiction, was directed to be transferred to the court of common pleas.

I concur, therefore, with the counsel who has presented the application for the writ, that the probate court has no jurisdiction of the offense charged in this case, but I can not, for the reasons stated, follow him in the conclusion that no other court has. On the contrary, in my opinion, the court of common pleas has, within the county of Hamilton, jurisdiction of all minor offenses, the jurisdiction of which is not "exclusively invested in justices of the peace." I do not think it was the intention of the legislature, that the jurisdiction of the court of common pleas, in criminal cases, should be defined and limited by any phrases found in the act abolishing the criminal court, but by the clear and comprehensive terms of the 5th section of the act organizing courts of justice in the State. Looking to that section as a guide, I find no difficulty. The court of common pleas has the jurisdiction, unless it be vested elsewhere; it has not ·

been claimed, and I have been unable to discover that it is so vested.

In my opinion, the court of common pleas has jurisdiction of the offense charged in the *capias*, and the party must be remanded to custody.